UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERED MARTINEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>KENNETH T. CUCCINELLI, et al.,<br><br>   Defendant. | No.  2:20-cv-01432-JAM-DB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

   Jered Martinez is among the many individuals navigating the morass of this country's immigration laws.  At present, he finds himself caught between a law that allows certain visa holders to seek an adjustment of status to lawful permanent resident contingent upon their parent's marriage to a United States citizen, and a regulation that, in effect, prohibits that adjustment of status if their parent married that citizen after the visa holder's eighteenth birthday.  See 18 U.S.C. § 1255(a); 18 U.S.C. § 1255(d); 8 C.F.R. § 245.1(i).

   Martinez challenges the latter regulation as unlawful and contrary to 18 U.S.C. § 1255(d) and requests that the Court enjoin the United States Citizenship and Immigration Services ("USCIS") from applying it to his application for adjustment of status.  See generally First Am. Compl. ("FAC"), ECF No. 9. USCIS moves to dismiss the entirety of the suit for lack of

1

subject matter jurisdiction due to ongoing removal proceedings. See generally Mot. to Dismiss ("Mot."), ECF No. 12.

For the reasons set forth below, the Court GRANTS USCIS's motion.[1]

I.  BACKGROUND

Martinez entered the United States on September 13, 2007, at the age of nineteen, with a K-4 nonimmigrant visa. FAC ¶ 4. K-4 visas are issued to children, under the age of twenty-one, of K-3 nonimmigrant visa holders. FAC ¶ 2. K-3 visa holders are the spouses of United States citizens who seek entry to the United States while waiting for the approval of the spousal visa petition that must be filed by their citizen spouse. Id. Once in the United States, K-4 and K-3 visa holders may seek adjustment of status to lawful permanent residents under 18 U.S.C. § 1255(a), subject to 18 U.S.C. § 1255(d)'s limitation that adjustment is requested once the K-3 visa holder and the citizen are married. Id.

Martinez's mother married a United States citizen on April 20, 2006. FAC ¶ 5. On the day of their marriage, Martinez was eighteen years old. Id. On July 17, 2019, Martinez sought adjustment of status to lawful permanent resident. FAC ¶ 49. On February 14, 2020, USCIS denied the adjustment pursuant to 8 C.F.R. § 245.1(i). FAC ¶¶ 6, 53. Per that regulation, a K-4 visa holder and applicant for adjustment of status must also be

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 8, 2020.

2

the beneficiary of an immediate relative visa petition filed by their parent's citizen spouse. FAC ¶ 7. That petition seeks to classify the K-4 visa holder as an immediate relative stepchild. Id. Martinez's adjustment of status was denied because a visa petition was never filed on his behalf. FAC ¶¶ 2, 51, 53.

Martinez's stepfather did not file an immediate relative visa petition because Martinez was eighteen on the day he married Martinez's mother. FAC ¶ 52. While a K-4 visa can be issued to anyone under the age of twenty-one (regardless of their age at the time of the marriage), an immediate relative visa petition can only be filed on behalf of a stepchild where the citizen stepparent married the biological parent prior to the stepchild's eighteenth birthday. FAC ¶ 8. In practice, this means a K-4 visa holder is not eligible for adjustment of status unless he was younger than eighteen years old on the day his parent married his citizen stepparent. FAC ¶ 9.

Under the law, Martinez was therefore a K-4 visa holder who was ineligible to become a lawful permanent resident. As a result of USCIS's denial of his application for adjustment of status, Martinez does not have a lawful immigration status. FAC ¶ 14. On September 1, 2020, the Department of Homeland Security ("DHS") initiated removal proceedings against Martinez. FAC ¶ 56.

## II.  OPINION

### A.  Legal Standard

A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject-matter jurisdiction. See

Fed. R. Civ. P. 12(b)(1). If the plaintiff lacks standing under Article III of the United States Constitution, then the court lacks subject-matter jurisdiction, and the case must be dismissed. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998). Once a party has moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

B. Analysis

Martinez argues USCIS's decision to deny his application for adjustment of status violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, by unlawfully and unreasonably adhering to 8 C.F.R. § 245.1(i), an *ultra vires* regulation. See FAC ¶¶ 58-66. Martinez asks the Court to enjoin USCIS from applying 8 C.F.R. § 245.1(i) to his application for adjustment of status and "to further adjudicate his application under the correct legal standard." FAC ¶ 11. In addition, Martinez asks the Court to declare 8 C.F.R. § 245.1(i) *ultra vires* and unlawful. Id. USCIS argues that the Court does not have subject matter jurisdiction over this matter because there is no final agency action on Martinez's adjustment of status application as removal proceedings are ongoing. See generally Opp'n, ECF No. 13.

1. Claim I: APA Violation

The APA "permits a citizen suit against an agency when an individual has suffered 'a legal wrong because of agency action' or has been 'adversely affected or aggrieved by agency action

4

within the meaning of a relevant statute.'" Rattlesnake Coal. v. U.S. Env't. Prot. Agency, 509 F.3d 1095, 1103 (9th Cir. 2007) (quoting 5 U.S.C. § 702).  However, a court must have jurisdiction over an APA claim before reviewing its merit. Cabaccang v. U.S. Citizenship & Immigr. Serv., 627 F.3d 1313, 1315 (9th Cir. 2010).  Under the APA, agency action is subject to judicial review only when it is either made reviewable by statute or a "final" action "for which there is no other adequate remedy in a court."  Id. (quoting 5 U.S.C. § 704).  An agency action is final when: (1) the agency reaches the end of its decision-making process; and (2) the action determines the rights and obligations of the parties or results in legal consequences.  Rattlesnake Coal., 509 F.3d at 1103.

No statute authorizes judicial review over denials of status adjustment.  Cabaccang, 627 F.3d at 1315.  Thus, the question before the Court is one that has already reached the Ninth Circuit: Whether USCIS's denial of status adjustment is a final agency action for which there is no other adequate remedy where removal proceedings are ongoing.  The Ninth Circuit has unambiguously answered: No.  A district court may not hear an alien's challenge to the government's denial of an application to adjust status when removal proceedings are simultaneously pending against the alien.  Id. at 1314.

In Cabaccang, the plaintiffs entered the United States on nonimmigrant visas and later filed applications for adjustment of status.  Id. at 1314.  USCIS denied their applications and subsequently dismissed their motions to reconsider.  Id. at 1314-15.  Before DHS initiated removal proceedings, the

1  plaintiffs filed suit in district court. Id. at 1315. After
2  some procedural back and forth, the district court reached the
3  plaintiffs' substantive APA claim while removal proceedings were
4  ongoing. Cabaccang, 627 F.3d at 1315. The Ninth Circuit held
5  the district court lacked jurisdiction to do so. Id. at 1317.
6      The Ninth Circuit determined that the "imposition of an
7  obligation or the fixing of a legal relationship" had not
8  occurred. Id. at 1315. The plaintiffs still had "the
9  opportunity to fully develop their arguments before the
10 immigration judge" presiding over the removal proceedings. Id.
11 at 1316. And the immigration judge could revisit the status
12 adjustment and modify or reverse USCIS's denial of the
13 application, regardless of USCIS's prior determination. Id. at
14 1315–16. As a result, plaintiffs had not exhausted their
15 administrative remedies and USCIS's decision to deny their
16 application for adjustment of status was not a final agency
17 action. Cabaccang, 627 F.3d at 1316.
18     The facts before the Court are analogous. Martinez was
19 denied adjustment of status; he filed the instant lawsuit; DHS
20 initiated removal proceedings; those removal proceedings are
21 ongoing. As in Cabaccang, Martinez "presently [has] the ability
22 to reopen [his] application to adjust status during the pending
23 removal proceedings." Id. at 1216–17. "Until [he has]
24 exhausted this available administrative remedy, the [Court]
25 cannot hear [his APA] claim." Id. at 1217. Anything else would
26 violate the rule that, where relief is available from an
27 administrative agency, the plaintiff should pursue it before
28 proceeding to the courts. Id. at 1316. "[U]ntil that recourse

is exhausted, suit is premature and must be dismissed." Id.

The Court, at this stage, does not have jurisdiction to do what Martinez asks of it. The Court cannot enjoin USCIS from applying 8 C.F.R. § 245.1(i) to his application for adjustment of status and independently adjudicate his application under other legal standards. See FAC ¶ 11. With removal proceedings ongoing, Martinez must ask this of his immigration judge. See Cabaccang, 627 F.3d at 1316 ("The [immigration judge] has unfettered authority to modify or reverse USCIS's denial of the [status] applications, regardless of USCIS's prior determination.") (citing 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1)(i)).

Accordingly, Martinez's First Cause of Action for violation of the APA is dismissed for lack of jurisdiction.

### 2. Claim II: Ultra Vires

Martinez also request that the Court declare 8 C.F.R. § 245.1(i) *ultra vires* and unlawful. See FAC ¶¶ 11, 64–66. In support of this request, Martinez relies on Akram v. Holder, 721 F.3d 853 (7th Cir. 2013) and Cen v. Att'y Gen. of the United States, 825 F.3d 177 (3d Cir. 2016). At first glance, these cases appear to support his argument—both the Seventh and Third Circuits found 8 C.F.R. § 245.1(i) invalid and "manifestly contrary" to United States immigration laws. See Cen 825 F.3d at 190; Akram, 721 F.3d at 864. However, these cases are procedurally unhelpful to Martinez. Both support the conclusion that the Court does not have subject matter jurisdiction over this matter so long as Martinez has administrative remedies to pursue.

1    The plaintiffs in Cen and Akram found themselves in the same
2 position as Martinez today.  Both were K-4 visa holders unable to
3 adjust their status to lawful permanent residents simply because
4 they were eighteen or older on the day a biological parent
5 married a United States citizen.  See Cen 825 F.3d at 185; Akram,
6 721 F.3d at 856-58.  In Cen, the plaintiff challenged the
7 regulation and the denial of her application for adjustment of
8 status in district court.  Cen 825 F.3d at 185.  But ongoing
9 removal proceedings "created a new administrative remedy for [the
10 plaintiff] to pursue," so "the [district court] lost subject
11 matter jurisdiction and [the] complaint was voluntarily
12 dismissed."  Id.  Instead, the plaintiff "duly" appeared before
13 an immigration judge and then the Board of Immigration Appeals
14 ("BIA").  Id.  The BIA held it did not have the authority to
15 declare the regulation invalid.  Id.  The plaintiff's petition to
16 the Third Circuit followed.  Id.  Akram's procedural route was
17 identical: (1) immigration court, (2) BIA, (3) Seventh Circuit.
18 Akram, 721 F.3d at 858.

19    The language from the Third Circuit is clear.  The district
20 court automatically lost subject matter jurisdiction over the
21 plaintiff's challenge to 8 C.F.R. § 245.1(i) as soon as DHS
22 initiated removal proceedings.  See Cen 825 F.3d at 185.  After
23 the district court case was dismissed, the plaintiff duly
24 appeared before an immigration judge and then appealed to the
25 BIA.  Id.  In other words, the plaintiff's challenge to both the
26 denial of her application for adjustment of status and her
27 challenge to the regulation were properly redirected to
28 immigration court.  Just as in Cen and Akram, unless and until

Martinez has pursued all administrative remedies, the Court does not have jurisdiction over this challenge to 8 C.F.R. § 245.1(i) as *ultra vires*. A ruling on the regulation's validity by the Court, at this stage, would impermissibly interfere with the ongoing administrative proceedings. See Sun v. Ashcroft, 370 F.3d 932, 944 (9th Cir. 2004) (requiring full administrative exhaustion gives the agency an opportunity to fully address the issue to the benefit of all parties and the courts).

Accordingly, Martinez's Second Cause of Action challenging 8 C.F.R. § 245.1(i) as *ultra vires* is dismissed for lack of jurisdiction.

### III.   ORDER

For the reasons set forth above, the Court lacks subject matter jurisdiction over this matter. Accordingly, Defendant's Motion to Dismiss is GRANTED and the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: January 25, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE